UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **GENESYS CLOUD SERVICES, INC.,** | ) | |
| a California Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| **GENESYSAI, LLC** | ) | **COMPLAINT AND DEMAND FOR** |
| an Ohio Limited Liability Company, | ) | **JURY TRIAL** |
| | ) | |
| and | ) | |
| | ) | |
| **VETIM ("TIM") ETAL VESELI**, an | ) | |
| individual, | ) | |
| 1011 Eagle Ridge Drive | ) | |
| Huron, OH 44839 | ) | |
| Defendants. | ) | |

Now comes Plaintiff Genesys Cloud Services, Inc., ("Genesys") by and through its counsel, and for its complaint against Defendants Genesysai, LLC ("Genesysai") and Vetim ("Tim") Etal Veseli ("Veseli") (collectively, "Defendants") alleges as follows:

### NATURE OF THE ACTION

1.      This is an action to protect businesses all throughout the world—many who deal in highly sensitive data collection and analysis—from acquiring software and related technologies from a company masquerading as Plaintiff Genesys Cloud Services, Inc.

2.      Genesys Cloud Services, Inc. is a leader in providing cutting-edge software and cloud-based customer support technology solutions to businesses around the world. Genesys has spent decades building a national and global reputation for its commitment to customer support—both through its high-quality contact center and customer support products and solutions, but also in its relationships with its own clients and partners. This reputation and goodwill is embodied in a family of federal trademarks which incorporate the term GENESYS, many of which are

incontestable and distinctive to the public. Genesys offers its services through its webpage domain located at www.genesys.com, which it has owned and maintained for over 25 years. Genesys communicates with its clients and partners through the related email address domain, "@genesys.com."

3.      Genesys offers many products and services under its various GENESYS® trademarks, including an artificial intelligence called "Genesys Cloud AI."  Similarly, Genesys offers its Genesys Data Processing Server (GDPS), which "processes the complex, high-volume data produced by select Genesys products for a variety of uses."

4.      Businesses trust Genesys with their highly sensitive data and rely on Genesys to use their suite of GENESYS® products to optimize performance in a safe and reliable way.

5.      Unknown at the time to Genesys, on January 3, 2019, Articles of Organization for Genesysai were filed with the Ohio Secretary of State, with the stated purpose of the business being "software development firm."

6.      Much like Genesys, Genesysai offers a suite of products, all of which predominantly feature the GENESYS mark. For example, Genesysai touts: (a) a data platform called "GENESYS.NODE"; (b) a data analysis module called "GENESYS.LEARN"; and (c) an artificial intelligence ("AI") engine called "GENESYS.AI". Genesysai lists these products on its publicly available website: https://www.genesys.ai/products.

7.      And, like Genesys, Genesysai also utilizes the GENESYS mark as a web-traffic identifier. Unknown at the time to Genesys, the domain names "genesysai.com" and "genesys.ai" were registered by Mr. Veseli.

8.      In 2024, upon discovering Genesysai's unauthorized and unlawful use of the GENESYS marks in its business name, product names, and domain names, Genesys researched

the Genesysai company. Based on circumstantial evidence and deduction, Genesys concluded that Genesysai was not operational. As such, Genesys reached out to Genesysai, in good faith, about possibly acquiring the domain names. After one brief response from Mr. Veseli, however, Genesysai went silent and was never to be heard from again. This was despite numerous follow-up correspondence and, ultimately, formal Cease and Desist demands by Genesys.

9.  Now, despite demands to cease in its use of Genesys' valuable intellectual property, Genesysai still maintains an active website which touts its suite of GENESYS branded software products.

10.  Plaintiff files this action for trademark infringement, false designation of origin, unfair competition, and cybersquatting under the Lanham Act, 15 U.S.C. §§ 1114(1), 1125(a), 1125(d), as a result of the Defendants' unauthorized use of the mark GENESYS to intentionally and deliberately deceive Plaintiff's customers for Defendants' own economic gain.

11.  Plaintiff further files this action for violation of Ohio statutory and common law regarding deceptive and unfair trade practices as a result of Defendants' unauthorized use of the GENESYS marks in connection with its suite of GENESYS software products, all to intentionally and deliberately deceive Plaintiff's customers for Defendants' own economic gain.

12.  Plaintiff seeks injunctive and monetary relief.

## PARTIES

13.  Plaintiff Genesys Cloud Services ("Genesys"), Inc. is a corporation incorporated under the laws of California with a principal place of business at 1302 El Camino Real, Suite 300, Menlo Park, California 94025, United States. Genesys was founded in 1990 and is a software and telecommunications company that provides customer experience and contact center technology to

businesses as well as cloud-based and hybrid-cloud software to businesses across the globe. Today, Genesys operates in over 100 countries and has a valuation of $21 billion USD.

14.     On information and belief, Defendant Genesysai, LLC, is a limited liability company whose principal place of business is 1011 Eagle Ridge Drive, Huron, Ohio, 44839. Genesysai was officially recognized by the State of Ohio as a functional limited liability company on January 3, 2019, however Genesysai states on its publicly available website that it was founded in 2016. According to the Articles of Organization filed by Genesysai, the stated business purpose is a "software development firm."

15.     On information and belief, Defendant Vetim ("Tim") Veseli (here, "Veseli") is an individual whose home address is 1011 Eagle Ridge Drive, Huron, Ohio 44839. Tim Veseli, in his capacity as an individual, registered the domain names "genesysai.com" and "genesys.ai" on July 27, 2017, and December 16, 2017, respectively. On information and belief, Veseli is the still the registrant of the genesysai.com and genesys.ai domains and the driving force behind Genesysai's use of Genesys' valuable intellectual property.

## JURISDICTION

16.     This is a civil action for trademark infringement, false designation of origin, and cybersquatting in violation of the Lanham Act, 15 U.S.C. §§ 1114(1), 1125(a), 1125(d).

17.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 15 U.S.C. § 1121.

18.     This Court has supplemental jurisdiction over the state and common law causes of action pleaded herein pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

19.     This Court has personal jurisdiction over Defendant Genesysai because Ohio is Genesysai's place of incorporation and, on information and belief, Genesysai's principal place of business.

20.     This Court has personal jurisdiction over Defendant Veseli because Mr. Veseli resides in Ohio.

## VENUE

21.     Venue is proper in this district under 28 U.S.C. § 1391(c) because Defendant Genesysai is incorporated in this judicial district and is subject to personal jurisdiction herein.

22.     Venue is proper in this district under 28 U.S.C. § 1391(c) because Defendant Veseli, on information and belief, resides in this judicial district.

## FACTS

### PLAINTIFF'S MARKS AND DOMAIN NAMES

23.     Genesys is a software and telecommunications company that provides customer experience and contact center technology to businesses as well as cloud-based and hybrid-cloud software to businesses. Genesys has spent decades cultivating a reputation for high-quality and cutting-edge contact center and customer service management services to its customers. This reputation and the associated goodwill is embodied in Genesys' federal trademark registrations.

24.     Genesys is the owner of several valid and subsisting trademark registrations, including, but not limited to, the following valid and subsisting trademark registrations on the Principal Register (collectively, the "GENESYS Marks"):

| Mark | Description of Services |
|------|-------------------------|
| GENESYS<br>U.S. Reg. No. 2249031 | consulting services in the area of computerized telecommunications and telephony control |

| | |
|---|---|
| GENESYS<br>U.S. Reg. No. 2271572 | computer software for computerized telecommunications and telephony control, and instruction and user manuals provided in connection therewith. |
| BLENDED AI BY GENESYS<br>U.S. Reg. No. 6008372 | business management consultancy; data processing services; commercial consultancy and analysis relating to contact center management; all of the above rendered in the field of cognitive computing technologies that provide multi-modal natural language processing, predictive analytics and machine learning for contextual analysis in connection with customer agent interactions.<br><br>consultancy services in the field of design and development of computer hardware systems; consultancy services in the field of maintenance of computer software for computer systems; providing the use of online non-downloadable cloud based software for contact center management; providing the use of non-downloadable cloud based software for augmenting live agent interactions with customers, specifically for use in the collection and analysis of data utilizing natural language processing, computational linguistics, information retrieval, predictive analytics, and machine learning in connection with interactive voice response, automated call distribution and customer agent interaction. |
| GENESYS DX<br>U.S. Reg. No. 7392367 | Providing online non-downloadable software featuring artificial intelligence-based communication for providing and facilitating customer engagement, customer service, and customer support; online non-downloadable cloud based software for contact center management; online non-downloadable cloud based software for augmenting live agent interactions with customers, specifically for use in the collection and analysis of data utilizing natural language processing, computational linguistics, information retrieval, predictive analytics, and machine learning in connection with interactive voice response, automated call distribution and customer agent interaction. |

25.     Attached as Exhibits 1-4 are a true and correct copy of the registration certificates and maintenance records for the foregoing trademark registrations.

26.     Plaintiff has used the GENESYS mark subject to U.S. Reg. No. 2249031 in commerce since at least as early as October 1994 in connection with the provision, offering for sale, sale, marketing, advertising, and promotion of consulting services. Attached hereto as Exhibit 5 is a true and correct copy of Plaintiff's website showing Plaintiff's use of the GENESYS mark in connection with these services.

27.    Plaintiff's mark for GENESYS and subject to U.S. Reg. No. 2249031 is incontestable and distinctive to both the consuming public and Plaintiff's trade.

28.    Plaintiff has used the GENESYS mark subject to U.S. Reg. No. 2271572 in commerce since at least as early as October 1994  in connection with the provision, offering for sale, sale, marketing, advertising, and promotion of computer software for computerized telecommunications. Attached hereto as Exhibit 6 is a true and correct copy of Plaintiff's website showing Plaintiff's use of the GENESYS mark in connection with these software services.

29.    Plaintiff's mark for GENESYS and subject to U.S. Reg. No. 2271572 is incontestable and distinctive to both the consuming public and Plaintiff's trade.

30.    Plaintiff has used the BLENDED AI BY GENESYS mark subject to U.S. Reg. No. 6008372 in commerce since at least as early as May 2017 in connection with the various goods and services including business management consultancy, data processing services, all in the field of cognitive computing technologies that provide multi-modal natural language processing, predictive analytics and machine learning for contextual analysis in connection with customer agent interactions. Attached hereto as Exhibit 7 is a true and correct copy of Plaintiff's website showing Plaintiff's use of the GENESYS mark in connection with these services.

31.    Plaintiff has used the GENESYS DX mark subject to U.S. Reg. No. 7392367 in commerce since at least as early as June 2022 in connection with the provision, offering for sale, sale, marketing, advertising, and promotion of AI software goods. Attached hereto as Exhibit 8 is a true and correct copy of Plaintiff's website showing Plaintiff's use of the GENESYS DX mark in connection with these AI software goods.

32.    Plaintiff has used its GENESYS mark in connection with artificial intelligence since at least as early as 2016.

33.     Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting the software, communications, and AI services sold under the GENESYS marks on Facebook, Instagram, and traditional print media.

34.     Plaintiff owns and maintains the webpage domain for <genesys.com> (the "Genesys Domain"). Plaintiff registered the Genesys Domain with the Registrar Nom.iq Ltd on July 30, 1997, and has maintained this domain ever since. In connection with the Genesys Domain, Plaintiff communicates with its customers via email addresses that end in "@genesys.com". Attached hereto as Exhibit 9 is a true and correct copy of the WHOIS record for the Genesys Domain as of May 28, 2025.

35.     As a result of Genesys' expenditures and efforts, its GENESYS Marks have come to signify the high quality of Genesys' services offered under its marks and through its webpage and the related email addresses, and have acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff.

### DEFENDANTS' UNLAWFUL ACTIVITIES

36.     Genesys does not sell or license any products to Genesysai. Nor has Genesys authorized Defendants to use the GENESYS Marks in connection with any of Defendants' offered goods or services.

37.     Genesysai is a software development firm in which every key element of the business is branded using the GENESYS mark. Genesysai's vision, "is to take the foundational building blocks of neural networks, machine learning, and data science and provide a robust tools poised to solve tomorrow's problems." Exhibit 10. Genesysai further expounds on its business vision, stating, "[o]ne of our special focus areas is in geospatial processing, with our goal being to

use deep learning for geospatial processing. The process of gathering mapping data and analyzing attributes lends itself perfectly to machine learning." *Id.*

38.　Genesysai offers the following products on its publicly accessible website, which are still available as of the date of this filing: (a) GENESYS.NODE; (b) GENESYS.LEARN; and (c) GENESYS.AI. Exhibit 11.

39.　Genesysai's business name (Genesys.ai), its products (GENESYS.NODE, GENESYS.LEARN, AND GENESYS.AI), and its domain names (genesysai.com and genesys.ai) all collectively form the "Infringing Marks."

40.　According to Genesysai's brief product description page, GENESYS.NODE "is the central data processing platform from which many different sources of information are ingested for processing." *Id.*

41.　Representative screen-captures from Genesysai's website are produced below. These screen captures show, *inter alia* Genesysai's unauthorized use of the GENESYS Marks in connection with its business and its goods and services.





42.     According to Genesysai's brief product description page, GENESYS.LEARN "is the computational learning processing node of GENESYS.AI. This module educates GENESYS.AI on your business trends and analytics and represents a key piece of the GENESYS.AI architecture." *Id.*

43.     According to Genesysai's brief product description page, GENESYS.AI "is the brain of GENESYS.AI. After processing your business data sources with .NODE and learning your business with .LEARN., .AI will provide valuable analysis that continues to grow and provide insightful analytics to your business." *Id.*

44.     In all respects, Genesysai's various product descriptions, at their core, utilize the GENESYS mark owned by Genesys, and otherwise the dominant commercial expression of that term in connection with the other marks owned by Genesys.

45.     On information and belief, Genesysai is also acting as a consultant for matters concerning computer technology, software, artificial intelligence, and/or business management.

46.     By creating a suite of computer software products, including software products directed towards artificial intelligence, machine learning, information retrieval, and predictive analytics, and by branding them as GENESYS products, Genesysai has flagrantly violated the registered intellectual property of Genesys and created a strong likelihood of confusion amongst customers looking to purchase and/or retain the goods and services of Genesys.

47.     Furthermore, through its consultancy work in connection with *inter alia* customers' computer, software, artificial intelligence, and/or business management needs, Genesysai has flagrantly violated the registered intellectual property of Genesys and created a strong likelihood of confusion amongst customers looking for such consultancy services in these highly sensitive and competitive fields.

48.     On information and belief, Genesysai offers consultancy services and/or products in all of the relevant fields of goods and services associated with the GENESYS Marks.

49.     Without Genesys' authorization, and upon information and belief, beginning after Genesys acquired protectable exclusive rights in its GENESYS Marks, Genesysai adopted and began using the Infringing Marks in U.S. commerce.

50.     The Infringing Marks adopted and used by Genesysai are confusingly similar to Genesys' GENESYS Marks. The Infringing Marks are nearly identical to Genesys' GENESYS Marks with the only difference being the addition of a descriptor (e.g., "GENESYS.NODE," "GENESYS.AI.") at the end of each mark. On information and belief, the relevant consumers are likely to mistakenly believe that Genesysai's Infringing Marks are either the same as or otherwise an extension of Genesys' GENESYS Marks and thus, that Genesysai is offering authorized GENESYS products and services when they are not.

51.     Both U.S. Registration Nos. 2249031 and 2271572 are for the word-mark GENESYS. The mark GENESYS is highly distinctive due to its arbitrariness, as well as its lack of clear association to the relevant goods and services. As such, any unauthorized use of the GENESYS mark which is identical and/or substantially similar constitutes a clear infringement which cannot be mitigated based on the fact that the mark is "merely descriptive" or a surname. Here, Defendants' brazen use of the GENESYS mark is pervasive amongst its business: it's business name, it's business web address; it's product names; and it's branding all bear the GENESYS mark. What's more, Genesysai even created a fictitious officer role called "Chief Artificial Intelligence" which it awarded to "GENESYS.AI." Genesysai clearly operates in the same or closely related fields as those listed in the goods and services for Registration Nos.

2249031 and 2271572, as evidenced by its own website and through Veseli's admissions (see below).

52.     Given the overall emphasis on of the mark GENESYS within Defendants' Infringing Marks, it is clear that Defendants' Infringing Marks are likely to confuse or deceive consumers into believing that these products and/or services are provided, licensed, sponsored, authorized, or approved by, or otherwise associated with, Genesys.

53.     U.S. Registration No. 6008372 is for the word-mark BLENDED AI BY GENESYS. The mark BLENDED AI BY GENESYS is highly distinctive due to its arbitrariness, as well as its lack of clear association to the relevant goods and services. As such, any unauthorized use of the BLENDED AI BY GENESYS mark which is identical and/or substantially similar constitutes a clear infringement which cannot be mitigated based on the fact that the mark is "merely descriptive" or a surname. Here, Defendants' brazen use of the GENESYS mark is pervasive amongst its business, making it clear that GENESYS is the predominant feature intended to publicly identify the source of Genesysai's goods and services. Genesysai uses the "ai" suffix in its business name, as well as its web address, and blends its "NODE" and "LEARN" functionalities with its "AI" functionality to create a "GENESYS" inspired AI platform. As such, Defendants' GENESYSAI AND GENESYS.AI marks are confusingly similar to Genesys' federally registered BLENDED AI BY GENESYS mark.

54.     Given the overall emphasis on the GENESYS component in both the BLENDED AI BY GENESYS and Defendants' Infringing Marks, it is clear that Defendants' Infringing Marks are likely to confuse or deceive consumers into believing that these products and/or services are provided, licensed, sponsored, authorized, or approved by, or otherwise associated with, Genesys.

55.     U.S. Registration No.7392367 is for the word-mark GENESYS DX. The mark GENESYS DX is highly distinctive due to its arbitrariness, as well as its lack of clear association to the relevant goods and services. As such, any unauthorized use of the GENESYS DX mark which is identical and/or substantially similar constitutes a clear infringement which cannot be mitigated based on the fact that the mark is "merely descriptive" or a surname. Here, Defendants' brazen use of the GENESYS mark is pervasive amongst its business, making it clear that GENESYS is the predominant feature intended to publicly identify the source of Genesysai's goods and services. The differences between "GENESYS DX" and "GENESYS.AI" or "GENESYS.NODE" are negligible. There are few companies operating in the "collection and analysis of data utilizing natural language processing, computational linguistics, information retrieval, predictive analytics, and machine learning" space, and when two of them come along and both feature source-identifying marks which start with GENESYS and end in a two letter (or close thereto) suffix, it is unlikely that consumers will not be confused as to source or affiliation. As such, Defendants' Infringing Marks are confusingly similar to Genesys' federally registered GENESYS DX mark.

56.     Given the overall emphasis on the GENESYS component in both the GENESYS DX mark and Defendants' Infringing Marks, it is clear that Defendants' Infringing Marks are likely to confuse or deceive consumers into believing that these products and/or services are provided, licensed, sponsored, authorized, or approved by, or otherwise associated with, Genesys.

57.     In addition to offering infringing goods and services under the GENESYS brand, via the Infringing Marks, Defendants registered the webpage domains <genesysai.com> and <genesys.ai> (the "Domain Names") which are confusingly similar to the Genesys domain and GENESYS Marks.

58.     On information and belief, Defendants use these domain names to solicit and transact business. Each GENESYS product which is offered by Genesysai includes an option to "Request More Info." *See e.g.,* Exhibit 11. In so doing, prospective customers are directed to send an email to "info@genesys.ai". There customers may obtain pricing information, installation information, and other information meant to facilitate a transaction.

59.     On information and belief, on or about July 27, 2017, Defendant Veseli registered the <genesysai.com> domain name with GoDaddy.com, LLC. On December 16, 2017, Defendant Veseli registered the <genesys.ai> domain name with the registrar Marcaria.com LLC. Upon information and belief, Veseli is currently the registrant of the Domain Names. Attached hereto as Exhibit 12 is a true and correct copy of the WHOIS record for the Domain Names as of May 28, 2025.

60.     The Domain Names are confusingly similar to Plaintiff's GENESYS marks, which were distinctive when Veseli registered the Domain Names.

61.     On information and belief, Veseli was aware of Genesys' rights in the GENESYS Marks when he selected and registered the Domain Names, and knowingly and intentionally registered the Domain Names because of their similarity to the GENESYS marks.

62.     On information and belief, Defendants used the Domain Names to generate email addresses that are confusingly similar to the GENESYS Marks, including email addresses incorporating the Infringing Marks, and ending in "genesys.ai". For example, inquiries through the genesys.ai website are universally directed to info@genesys.ai.

63.     On December 5, 2024, counsel for Genesys contacted Veseli via LinkedIn to discuss the proposition of Genesys acquiring the Domain Name.

64.     In its inquiry, Genesys' counsel stated:

"Tim,

I am an attorney. I represent a client that has an interest in purchasing a domain name you own: genesys.ai. I notice from your website and social media that your business may have ended. If that's the case and you are looking to sell your domain name, please let me know. If your business is ongoing, please disregard. I am also sending this message via email to info@genesys.ai."

65.     On December 6, 2024, Veseli responded, saying,

"Yes we own genesysai.com and genesys.ai. We currently are doing consulting work in the AI space. We set aside our products we where developing to focus on the demand with customers we have. As far as domain names go. Everything and anything can be bought if the offer is great. If we have to rebrand and convert contracts over. It will take man power to do this and that cost has to be covered. See what your client says. Always interested in hearing an offer.(Edited)"

66.     Following the December 5-6 exchange, no further communications were received from Defendants, despite numerous follow-up attempts.

67.     On January 31, 2025, counsel for Genesys delivered to Genesysai a formal Cease and Desist demand, alleging *inter alia* trademark infringement of the GENESYS Marks and cybersquatting based on Genesysai's use of the Domain Names.

68.     Finally, on April 30, 2025, Defendants' counsel called counsel for Genesys regarding the cease and desist letter. Defendants' counsel then followed up with a response letter on May 1, 2025, claiming, among other things, that Defendants allegedly possess superior rights in the GenesysAI mark.

**COUNT ONE**
**Trademark Infringement**
**in Violation of 15 U.S.C. § 1114**

69.     Genesys repeats and re-alleges paragraphs 1 through 68, as if fully set forth herein.

70.     Genesys is the owner of all right, title, and interest in federal trademark registrations for the GENESYS Marks and has standing to maintain an action for trademark under 15 U.S.C. § 1114.

71.    Without Genesys' consent, Defendants have used and continue to use in commerce the GENESYS Marks in connection with the offering, sale, and advertising of its software products, including, but not limited to, its GENESYS.NODE, its GENESYS.LEARN, and its GENESYS.AI products and platforms. Consumers who encounter Defendants' unauthorized use of the GENESYS Marks in connection with Defendants' software products and related goods and services are likely to think they are provided, licensed, sponsored, authorized, or approved by, or otherwise associated with Genesys.

72.    Defendants' actions are likely to cause confusion, or to cause mistake, or to deceive, and thus constitute trademark infringement of the registered GENESYS Marks, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

73.    Defendants' have actual and/or constructive knowledge of Genesys' rights prior to its infringing use of the GENESYS Marks. The actions of Defendants alleged above have at all times relevant to this action been willful.

74.    Upon information and belief, Defendant Veseli directed, controlled, ratified, participated in, or was the moving force behind the infringing activity. Defendant Veseli is the founder of Genesysai, Defendant Veseli personally registered the infringing Domain Names, Defendant Veseli changed the registered agent for Genesysai to himself, and is one of only three known members/employees of the Genesysai limited liability company. Moreover, Defendant Veseli personally corresponded with Genesys regarding the potential acquisition of the Domain Names.

75.    As a direct and proximate result of the actions of Defendants above, Genesys has been damaged and will continue to be damaged. Defendants' conduct, unless enjoined by the

Court, will further impair the value of the GENESYS Marks, Genesys' reputation, and its goodwill. This harm constitutes an injury for which Genesys has no adequate remedy at law.

76.     This is an exceptional case under 15 U.S.C. § 1117.

77.     Based on such conduct, Genesys is entitled to injunctive relief as well as monetary damages, and other remedies provided by Sections 1116, 1117, and 1118, including Defendants' profits, treble damages, reasonable attorneys' fees, costs, and prejudgment interest.

### COUNT TWO
### Trademark Infringement, False Designation of Origin and Unfair Competition in Violation of 15 U.S.C. § 1125(a)

78.     Genesys repeats and re-alleges paragraphs 1 through 77, as if fully set forth herein.

79.     Genesys is the owner of all right, title, and interest in the GENESYS Marks and has standing to maintain an action for trademark infringement, false designation of origin, and unfair competition under 15 U.S.C. § 1125.

80.     Without Genesys' consent, Defendants have used and continue to use in commerce the GENESYS Marks in connection with the offering, sale, and advertising of its software products, including, but not limited to, its GENESYS.NODE, its GENESYS.LEARN, and its GENESYS.AI products and platforms. Consumers who encounter Defendants' unauthorized use of the GENESYS Marks in connection with Defendants' software products and related goods and services are likely to think that they are provided, licensed, sponsored, authorized, or approved by, or otherwise associated with Genesys.

81.     Defendants' actions are likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of the products and services and commercial activities of Defendants, and thus constitute trademark infringement, false designation of origin, and unfair

competition with respect to the GENESYS Marks, in violation of 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

82. Defendants had actual and/or constructive knowledge of Genesys' rights prior to their infringing use of the GENESYS Marks. The actions of Defendants alleged above have at all times relevant to this action been willful.

83. Defendant Veseli directed, controlled, ratified, participated in, or was the moving force behind the infringing activity. Defendant Veseli is the founder of Genesysai, Defendant Veseli personally registered the infringing Domain Names, Defendant Veseli changed the registered agent for Genesysai to himself, and is one of only three known members/employees of the Genesysai limited liability company. Moreover, Defendant Veseli personally corresponded with Genesys regarding the potential acquisition of the Domain Names.

84. As a direct and proximate result of the actions of Defendants alleged above, Genesys has been damaged and will continue to be damaged. Defendants' conduct, unless enjoined by the Court, will further impair the value of the GENESYS Marks, Genesys' reputation, and its goodwill. This harm constitutes an injury for which Genesys has no adequate remedy at law.

85. This is an exceptional case under 15 U.S.C. § 1117.

86. Based on such conduct, Genesys is entitled to injunctive relief as well as monetary damages, and other remedies provided by Sections 1116, 1117, and 1118, including Defendants' profits, treble damages, reasonable attorneys' fees, costs, and prejudgment interest.

**COUNT THREE**
**Violation of the Anti-Cybersquatting Consumer Protection Act**
**(Lanham Act 15 U.S.C. § 1125(D))**

87. Genesys repeats and re-alleges paragraphs 1-86, as if fully set forth herein.

88.     Genesys owns all rights in and to the GENESYS Marks, which are strong and distinctive, and were strong and distinctive as of the date that Veseli registered the Domain Names.

89.     Veseli personally registered and used the Domain Names, which are confusingly similar to the GENESYS Marks.

90.     Veseli registered and used the Domain Names with bad intent, including an intent to profit from their confusing similarity to Genesys' GENESYS Marks. Among other things, upon information and belief: (a) Defendants made no bona fide, non-infringing, commercial use or fair non-commercial use of the Domain Names; and (b) Defendants intended to deceive Genesys exploiting the confusing similarity of the Domain Names and the GENESYS Marks for Defendants' commercial gain.

91.     Defendants' conduct is directly and proximately causing substantial, immediate, and irreparable harm and injury to Genesys, and to its goodwill and reputation, and will continue to damage Genesys unless enjoined by this court. Genesys has no adequate remedy at law.

92.     Genesys is entitled to injunctive relief pursuant to 15 U.S.C. §§ 1116 and 1125(d)(1)(C), including, among other injunctive relief, transfer of the Domain Names and any other similar domain names which Defendants may possess and are presently unknown to Genesys, to Genesys.

93.     Genesys is further entitled to recover its damages and Defendants' profits, enhanced as the court deems appropriate and equitable, in amounts to be proven at trial, pursuant to 15 U.S.C. § 1117(a). Alternatively, Genesys is entitled to maximum statutory damages in the amount of $100,000 for the Domain Names pursuant to 15 U.S.C. § 1117(d).

94.     Genesys is further entitled to recover its attorneys' fees and costs, together with prejudgment and post-judgment interest.

95. Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Genesys, and to its goodwill and reputation, and will continue to both damage Genesys and confuse the public unless enjoined by this court. Genesys has no adequate remedy at law.

96. Genesys is entitled to, among other relief, an award of monetary damages in an amount to be determined at trial.

## COUNT FOUR
### Deceptive Trade Practices
### in Violation of Ohio Rev. Code § 4165.01 *et seq.*

97. Genesys repeats and re-alleges paragraphs 1 through 96, as if fully set forth herein.

98. The above-described acts of Defendants constitute deceptive trade practices in violation of Ohio Rev. Code § 4165.01 et seq.

99. Among other things, Ohio Rev. Code § 4165.02 defines actions that constitute a "deceptive trade practice" as including, but not limited to, the following:

(1) Passes off goods or services as those of another;
(2) Causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services;
(3) Causes likelihood of confusion or misunderstanding as to affiliation, connection, or association with, or certification by, another….

100. As set forth herein, Defendants' actions fit within the scope of Ohio Rev. Code § 4165.02.

101. Without Genesys' consent, Defendants have used and continue to use in commerce the GENESYS Marks in connection with the offering, sale, and advertising of its software products, including, but not limited to, its GENESYS.NODE, its GENESYS.LEARN, and its GENESYS.AI products and platforms. Consumers who encounter Defendants' unauthorized use of the GENESYS Marks in connection with Defendants' software products and related goods and

services are likely to think that they are provided, licensed, sponsored, authorized, or approved by, or otherwise associated with Genesys.

102.    Defendants' actions are likely to cause confusion, or to cause mistake, or to deceive the public and consumers as to the origin, sponsorship, or approval of the products and services and commercial activities of Defendants, and thus constitute deceptive trade practices with respect to the GENESYS Marks, in violation of Ohio Rev. Code § 4165.01 *et seq.*

103.    Defendants had actual and/or constructive knowledge of Genesys' rights prior to their infringing use of the GENESYS Marks. The actions of Defendants alleged above have at all times relevant to this action been willful with the intent to deceive.

104.    Defendant Veseli directed, controlled, ratified, participated in, or was the moving force behind the infringing activity. Defendant Veseli is the founder of Genesysai, Defendant Veseli personally registered the infringing Domain Names, Defendant Veseli changed the registered agent for Genesysai to himself, and is one of only three known members/employees of the Genesysai limited liability company. Moreover, Defendant Veseli personally corresponded with Genesys regarding the potential acquisition of the Domain Names.

105.    As a direct and proximate result of the actions of Defendants alleged above, Genesys has been damaged and will continue to be damaged. Defendants' conduct, unless enjoined by the Court, will further impair the value of the GENESYS Marks, Genesys' reputation, and its goodwill. This harm constitutes an injury for which Genesys has no adequate remedy at law.

106.    Under the principles of equity, Genesys is entitled to entry of preliminary and permanent injunctive relief. In addition, Genesys is entitled to attorneys' fees and costs.

**COUNT FIVE**
**Trademark Infringement and Unfair Competition**
**in Violation of Ohio Common Law**

107.    Genesys repeats and re-alleges paragraphs 1-106 as it fully set forth herein.

108.    The above-described acts of Defendants constitute trademark infringement and unfair competition in violation of Ohio common law.

109.    Without Genesys' consent, Defendants have used and continue to use in commerce the GENESYS Marks to pass off its software products, including, but not limited to, its GENESYS.NODE, its GENESYS.LEARN, and its GENESYS.AI products and platforms, as genuine and/or authorized goods or services from Genesys.

110.    Defendants' unauthorized use of the GENESYS Marks in connection with software products, including, but not limited to, its GENESYS.NODE, its GENESYS.LEARN, and its GENESYS.AI products and platforms is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of the products and services and commercial activities of Defendants.

111.    Consumers who encounter Defendants' unauthorized use of the GENESYS Marks in connection with Defendants' software products, including, but not limited to, its GENESYS.NODE, its GENESYS.LEARN, and its GENESYS.AI products and platforms and related goods and services are likely to think that they are provided, licensed, sponsored, authorized, or approved by, or otherwise associated with, Genesys.

112.    Defendants' actions thereby unfairly and wrongfully exploit and infringe Genesys' trademarks, goodwill, and reputation.

113.    As a direct and proximate result of Defendants' trademark infringement and methods of unfair competition, Genesys has suffered and will continue to suffer significant

monetary damages and loss of goodwill associated with the GENESYS Marks, Genesys' business, and its goodwill. Defendants have therefore unfairly profited from the actions alleged.

114. By reason of Defendants' acts, Genesys' remedy at law is not adequate to compensate for the injuries inflicted by Defendants. Accordingly, Genesys is entitled to entry of preliminary and permanent injunctive relief in addition to monetary damages.

## PRAYER FOR RELIEF

WHEREFORE, Genesys requests judgment against Defendants as follows:

1. That Defendants infringed the federally registered GENESYS Marks, in violation of 15 U.S.C. § 1114(1);

2. That Defendants infringed the GENESYS Marks and engaged in trademark infringement, false designation of origin, and unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A);

3. That Defendants engaged in deceptive trade practices, false advertising, unfair competition, and trademark infringement in violation of Ohio Rev. Code § 4165.01 *et seq.* and Ohio Common law;

4. That Defendants violated Section 43(d) of the Lanham Act (15 U.S.C. § 1125(d));

5. A finding that each of the above acts was willful and knowing.

6. Ordering that the Registrar transfer ownership of the Domain Names <genesysai.com> and <genesys.ai>, and any other similar domain names which Defendants may possess and are presently unknown to Genesys, to Genesys;

7. Granting an injunction permanently enjoining the Defendants, their respective employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, heirs, and assigns, and all of those in active concert and participation with any of the foregoing persons and

entities who receive actual notice of the Court's order by personal service or otherwise from:

    a.    providing, selling, marketing, advertising, promoting, or authorizing any third party to provide, sell, market, advertise, or customer service software goods or services the mark GENESYS or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Genesys' GENESYS Marks;

    b.    engaging in any activity that infringes Genesys' rights in its GENESYS Marks;

    c.    owning, registering, trafficking in, or otherwise using the Domain Names <genesysai.com> and <genesys.ai>;

    d.    owning, registering, trafficking in, or otherwise using any domain name that incorporates the GENESYS Marks;

    e.    engaging in any activity constituting unfair competition with Genesys;

    f.    making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendants are associated, affiliated, or otherwise connected with Genesys; or (ii) Genesys' software services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Defendants;

    g.    using or authorizing any third party to use any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Genesys or tend to do so;

h.      registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the mark GENESYS or any other mark that infringes or is likely to be confused with Genesys' GENESYS Marks, or any goods or services of Genesys, or Genesys as their source; and

i.      aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (h).

8.      Granting such other and further relief as the Court may deem proper, including any relief fashioned to prevent the public or trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendants are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Genesys or constitute or are connected with Genesys' services.

9.      With respect to the Cybersquatting claim, awarding Genesys, upon Genesys' election, either:

a.      an amount up to three times the amount of its actual damages and all of Defendants' profits realized by its wrongful acts alleged herein, enhanced as appropriate to compensate Genesys for the damages caused thereby, in accordance with Section 35(a) and (b) of the Lanham Act (15 U.S.C. § 1117(a), (b)); or

b.      maximum statutory damages in the amount of $100,000 for Defendants' violation of Section 43(d) of the Lanham Act (15 U.S.C. § 1125(d)), in accordance with Section 35(d) of the Lanham Act (15 U.S.C. § 1117(d)).

10.     Awarding  Genesys exemplary damages as the court finds appropriate to deter any future willful infringement.

11.     Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Genesys its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

12.     Awarding Genesys interest, including prejudgment and post-judgment interest, on the foregoing sums.

13.     Awarding such other and further relief as the Court deems just and proper:

Dated: May 28, 2025                                 Respectfully submitted,


                                    */s/ Charles D. Pfister*
                                    Charles D. Pfister  (0097790)
                                    Taft Stettinius & Hollister LLP
                                    40 North Main Street, Suite 1800
                                    Dayton, Ohio 45423-1029
                                    Telephone:    (937) 228-2838
                                    Facsimile:    (937) 228-2816
                                    cpfister@taftlaw.com

                                    *Counsel for Genesys Cloud Services, Inc.*